UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MIREILLE TORJMAN,

    Plaintiff,

       v.                               Civil Action No.  10-1211 (JDB)

FEDERAL BUREAU OF
INVESTIGATION, et al.,

    Defendants.

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's pro se complaint. Pursuant to 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint, "[n]otwithstanding any filing fee," upon a determination that it is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B).  This is Mireille Torjman's second case alleging that the United States government has engaged in decades-long surveillance of herself and others, primarily through its intelligence, law enforcement, and military agencies. See Torjman v. Federal Bureau of Investigation, Civil Action No. 10-1031, 2010 WL 2541095, at *1 (D.D.C, June 21, 2010) ("Torjman I").  Like the first case, the second complaint ("Torjman II") alleges that the United States government is using various forms of "mind control" on her, including "synthetic telepathy," "psychotronics," and other forms of surveillance, and seeks unspecified damages and injunctive relief against several federal agencies.  Torjman II Compl. at 1-7, 15-30.[1]

---

[1] Indeed, many pages of the two complaints contain nearly identical text, but are simply formatted differently.  Compare Torjman I Compl. at 5-21 with Torjman II Compl. at 79-86: compare also Torman I Compl. at 22-27 with Torjman II Compl. at 4-13.

2

      Complaints that describe fantastic or delusional scenarios or contain "fanciful factual allegation[s]" are subject to dismissal under 28 U.S.C. § 1915(e)(2).  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>accord</u> <u>Ruston v. Bush</u>, 298 Fed. App'x 16, 17 (D.C. Cir. 2008); <u>Best v. Kelly</u>, 39 F.3d 328, 330-31 (D.C. Cir. 1994).  This complaint, like the complaint filed in <u>Torjman I</u>, qualifies for such treatment and, thus, is dismissed.  A separate Order accompanies this Memorandum Opinion.

                                                        /s/
                                       JOHN D. BATES
                                  United States District Judge

Date:  July 20, 2010